UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| RYAN EDWARD R., <br><br> Petitioner, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Respondent. | Case No.: 1:21-cv-00076-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Ryan Edward R.'s Petition for Review (Dkt. 1), appealing the Social Security Administration's denial of his application for Title II disability insurance benefits. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

I. **ADMINISTRATIVE PROCEEDINGS**

On September 18, 2018, Petitioner filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 15, 2014. This application was originally denied on November 1, 2018, and again on reconsideration on February 8, 2019. On March 21, 2019, Petitioner filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On July 7, 2020, ALJ David Willis held a telephonic hearing, at which time Petitioner (representing himself) appeared and testified. Cassie Mills, an impartial vocational expert, also appeared and testified at the same hearing.

On August 19, 2020, the ALJ issued a decision denying Petitioner's claims, finding that he was not disabled within the meaning of the Social Security Act. Petitioner timely requested

**MEMORANDUM DECISION AND ORDER - 1**

review from the Appeals Council.  On December 16, 2020, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Petitioner is now represented by attorney Bradley Parkinson and, having exhausted his administrative remedies, brings this case.  He raises two points of error: (i) the ALJ failed to provide clear and convincing reasons for rejecting his subjective symptom testimony, and (ii) the ALJ failed to develop the record.  Pet.'s Brief at 1, 13-20 (Dkt. 23).  Petitioner requests that the Court either reverse the ALJ's decision and find that he is entitled to benefits or remand the case for further proceedings and award attorneys' fees.  *Id*. at 20.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.  The ALJ is responsible

**MEMORANDUM DECISION AND ORDER - 2**

for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098.  Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig*, 681 F.3d at 1051.  In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015).  Considerable weight is given to the ALJ's construction of the Social Security Act.  *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009).  However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the

**MEMORANDUM DECISION AND ORDER - 3**

claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner has not engaged in SGA during the unadjudicated period beginning October 28, 2015, through December 31, 2019 (his date last insured). AR 46.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner has the following severe medically determinable impairments: "degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral ankles (post reconstructive surgeries), obesity, obstructive sleep apnea, anxiety disorder, and depressive disorder." AR 46.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

**MEMORANDUM DECISION AND ORDER - 4**

evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the ALJ concluded that Petitioner's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments.  AR 47-49.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations: lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; sit for six hours total in an eight-hour workday; stand and/or walk for two hours total in an eight-hour workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never operate a motor vehicle; avoid concentrated exposure to extreme cold and vibration; and never work at unprotected heights or with moving mechanical parts.  He was able to perform simple, routine, and repetitive tasks.  He was able to make simple work-related decisions involving judgment and dealing with changes in the work setting.  Finally, the claimant was able to occasionally interact with supervisors, coworkers, and the public.

AR 49-50.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),

**MEMORANDUM DECISION AND ORDER - 5**

416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled. Here, the ALJ found that through the date last insured, Petitioner was not capable of performing his past relevant work as a service technician, glazer, site foreman, and heavy equipment operator. AR 57-58. However, the ALJ concluded that, considering Petitioner's age, education, work experience, and RFC, he was able to work as a semiconductor bonder, document preparer, and toy stuffer. AR 58-59. Based on these findings, the ALJ concluded that Petitioner was not disabled. AR 59.

**B.      Analysis**

      1.      <u>The ALJ Did Not Err in Questioning Petitioner's Subjective Symptom Testimony</u>

According to Petitioner's testimony and written statements, he cannot work because he has chronic ankle and low back pain that is getting progressively worse. AR 69, 311, 316, 2706. Petitioner reports that, due to his pain, he cannot sit, stand, or walk very long; cannot crouch, squat, bend, or reach; and lacks the ability to focus and concentrate. AR 69-70, 77-78, 2706-07, 2717, 2722. In addition to these issues, Petitioner alleges that he experiences various mental health issues, including anxiety and depression, which independently keep him from working full-time. AR 316, 2707.

As the trier-of-fact, the ALJ is in the best position to make credibility determinations and, for this reason, his determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 6**

1991)).  Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms.  *Id*.

Generalized findings will not satisfy this standard.  The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46).  This requires that he ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. at 493 (quoting *Reddick*, 157 F.3d at 722).  If there is substantial evidence, courts will not engage in second-guessing.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Even when the evidence can support either outcome, a court may not substitute its judgment for that of the ALJ.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The ALJ's decision satisfies these standards.  Before rejecting Petitioner's symptom testimony, the ALJ provided valid, individualized reasons for finding Petitioner's claims about his pain and his mental health unconvincing.

Beginning with Petitioner's mental health, the ALJ found Petitioner's claim of suffering debilitating anxiety and depression "entirely inconsistent with the normal mental status examinations."  AR 52; *see also* AR 54 (ALJ further stating that Petitioner's "subjective complaints are not consistent with the conservative mental health treatment history").  Notably, Petitioner raises no challenge to this aspect of the ALJ's decision.  In other words, while Petitioner attacks the credibility findings as they relate to his pain and associated issues, he does not contest the ALJ's conclusion that his mental health symptoms were not independently incapacitating and that Petitioner's testimony to the contrary was exaggerated.

**MEMORANDUM DECISION AND ORDER - 7**

Turning, then, to Petitioner's pain, the ALJ found that his impairments could reasonably be expected to cause the symptoms alleged, but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 50. The ALJ's justification in this regard amounts to clear and convincing reasons for questioning Petitioner's symptom testimony.

First, the ALJ concluded that Petitioner's claims did not align with the medical record. AR 51 ("Here, the claimant's subjective complaints are not entirely consistent with the objective medical evidence. . . . Further, the physical examinations are not entirely consistent with the claimant's subjective complaints."). Whereas Petitioner reports that his back and ankle pain are altogether debilitating, his medical records do not substantiate near total inactivity due to disabling limitations. For example, imaging of Petitioner's ankles showed few, mostly mild abnormalities; EMG (electromyography) testing of Petitioner's bilateral lower extremities was normal; and physical examinations after September 2018 did not reveal abnormalities consistent with Petitioner's subjective complaints. AR 50-51 (citing AR 1758 (September 13, 2018 treatment note stating: "Clinically and radiographically there is nothing identifiable for this amount of pain")). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Second, the ALJ concluded that Petitioner's daily activities "are not as limiting as one would expect from an individual alleging complete disability." AR 53. The ALJ observed that, despite Petitioner's claimed inability to work, he nonetheless (i) went ATV riding for a weekend; (ii) picked up 30 bales of hay and loaded them onto a truck; (iii) reported to his physical therapy

**MEMORANDUM DECISION AND ORDER - 8**

provider that he had been on his feet a lot, playing games with his children, and was able to do more in the kitchen before requiring a break; (iv) attended his nephew's graduation and spent six to eight hours on his feet; (v) did yard work; (vi) was able to stand for 30-45 minutes at a time for a total of two hours a day; and (vii) could handle all personal care, prepare meals, mow the lawn with a riding lawnmower, drive, shop in stores, handle finances, go hunting from his vehicle, go fishing on flat surfaces, and watch TV. *Id*. (citing AR 312-15, 453, 461-64, 700, 1588, 1599, 1606, 2509, 2621-22).

Petitioner takes issue with these findings. He argues that certain of them (in particular, the ALJ's references to Petitioner riding an ATV and loading hay bales in April and May 2015) existed prior to "the relevant period," while others altogether failed to consider the surrounding context of the referenced activities. Pet.'s Brief at 15-16 (Dkt. 23). These critiques are not persuasive.

To begin, findings directed at a claimant's credibility and veracity are not bounded by the period of alleged disability. *Burch*, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (court noted that claimant was able to perform a myriad of activities since time she began to face limitations, but before her onset date, as evidence for adverse credibility determination). Regardless, even though the ALJ's decision addressed only the unadjudicated period beginning October 28, 2015 (owing to an October 27, 2015 decision that denied earlier-filed claims of disability (AR 43-44)), Petitioner's alleged disability onset date is December 15, 2014. Petitioner's activities in 2015 are therefore relevant to how the ALJ assessed his pain testimony.

Separately, Petitioner's efforts to highlight how these activities caused him pain largely miss the point. This is not a case where the ALJ refused to accept that Petitioner suffers from

**MEMORANDUM DECISION AND ORDER - 9**

certain impairments, or that such impairments are painful and impact his ability to work. To the contrary, the ALJ recognized Petitioner's back and ankle conditions as severe, acknowledged that he received treatment for such injuries and pain, and outlined the nature of these treatments. AR 46, 51-52. In assessing Petitioner's credibility, then, the ALJ was not focused on whether Petitioner had back and ankle pain but on how severe this pain was and whether this pain prevented him from engaging in any full-time work. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where . . . activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of *totally debilitating* impairment.") (emphasis added). It is the reasonableness of *these* findings that the Court must review on appeal. *See Mullis v. Astrue*, 2012 WL 71708, at * 6 (C.D. Cal. 2012) ("[T]he existence of some pain does not constitute a disability if it does not prevent Plaintiff from working.") (citing *Thorne v. Schweiker*, 694 F.2d 170, 171 (8th Cir. 1982)); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (social security program is "intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute.").

Petitioner's daily activities supported the ALJ's reading of the treatment record and the ALJ's adverse credibility determination. Where a claimant's reported activities conflict with the claimant's description of the severity of his pain-related limitations, that is a clear and convincing reason for discounting a claimant's assertion of disability. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record among other factors."); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). Petitioner's insistence that these activities are

**MEMORANDUM DECISION AND ORDER - 10**

not inconsistent with his testimony or with a claim of disability is simply an alternative reading of the record. Where, as here, the ALJ's interpretation of a claimant's activities is rational, that decision must be upheld even if the evidence of the claimant's reported activities "may also admit of an interpretation more favorable" to the claimant. *Burch*, 400 F.3d at 680-81.

Together, these reasons amount to clear and convincing explanations as to why the ALJ found Petitioner's testimony not entirely credible.[1] Critically, the Court's role is not to decide whether Petitioner is disabled under the applicable statutes and regulations, or even whether he suffers from chronic, disabling limitations. On those points, Petitioner identifies conflicting evidence in support of his position. Even though this conflicting evidence may not have been given the weight that Petitioner would have preferred, the ALJ's decision to question his subjective symptom allegations contains clear and convincing reasons for doing so. The Court uses – as it must – *that* standard. Accordingly, the ALJ will not be second-guessed given the justifications provided. *Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

Reversal is not warranted on this issue.

---

[1] The ALJ also implied that, because Petitioner's providers did not recommend additional surgery, Petitioner necessarily responded favorably to conservative treatment which further compromised his credibility. AR 53-54. But the record shows that Petitioner's initial surgery actually *contributed* to his pain and that additional surgery would be "fruitless" (and, hence, not recommended). AR 692, 756, 870-71 ("I do not believe that further stabilization of his left ankle is warranted at this time, as I only *believe we would make him worse as all surgeries have done to date*.") (emphasis added). Petitioner's apprehension may constitute a good reason for foregoing surgery. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (noting that failure to seek treatment may be basis for adverse credibility finding "unless one of a number of good reasons for not doing so applies"). Thus, *this* component of the ALJ's credibility finding is not clear and convincing. Any error, however, is harmless because the ALJ's credibility finding is supported by other clear and convincing reasons. *Bray*, 554 F.3d at 1227 (even if record did not support one of ALJ's stated reasons for disbelieving claimant's testimony, error was harmless because other independent bases existed for doing so).

**MEMORANDUM DECISION AND ORDER - 11**

2.	The ALJ Did Not Fail to Properly Develop the Record

The ALJ conducted two administrative hearings – one on February 25, 2020, the other on July 7, 2020.  AR 64-97, 2699-2731.  At the first hearing, the ALJ referred to Dr. Bates's October 14, 2015 opinion as "outdated" and discussed the possibility of developing the record with an additional consultative examination.  AR 2725-27.  That never happened due to the COVID-19 pandemic.  AR 89.  From this, Petitioner argues that the record was insufficient and that the ALJ breached his duty to develop the record.  Pet.'s Brief at 17-20 (Dkt. 23).  This argument lacks merit.

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).  This duty is triggered by ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence.  *Smolen*, 80 F.3d at 1288.  When the ALJ finds support in the record adequate to determine the claimant's disability, he is not required to more fully develop the record by securing an additional or consultative opinion.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, Petitioner's suggestion that records post-dating Dr. Bates's examination would have materially impacted a new consultative examiner's opinions is mere speculation and not persuasive.  This is particularly so when there is no evidence that these records show that Petitioner's conditions were worsening over time or required escalating care.  *See Smith v. Saul*, 2020 WL 6305830, at *8 (E.D. Cal. 2020) (finding ALJ had no duty to develop record because "[n]one of these [additional] records establish the existence of any new condition not assessed by the ALJ, or show a worsening of Plaintiff's existing conditions."); *Hernandez v. Saul*, 2020 WL 6700224, at *9 (E.D. Cal. 2020) (same).

**MEMORANDUM DECISION AND ORDER - 12**

In any event, the ALJ incorporated the 2018 and 2019 opinions of Drs. Vestal and Arnold when evaluating Petitioner's RFC. AR 54-44 (citing AR 105-09, 120-24). These doctors not only considered Dr. Bates's opinion, but medical records that existed *following* Dr. Bates's examination. AR 107-09, 122-24. Their opinions were informed by records that included other assessments of Petitioner's functional limitations (not just Dr. Bates's opinions) that the ALJ properly relied upon when fashioning Petitioner's RFC. AR 55 (ALJ stating: "The State agency medical consultants supported their residual functional capacity findings with a reasonable explanation and specific references to the medical and other evidence."). Ultimately, the record was not ambiguous or inadequate for the ALJ to determine Petitioner's functionality, nor does Petitioner identify how later-in-time treatment notes, medical opinions, or other evidence inject ambiguity into the record that in turn upends how the ALJ adjudicated his claim. *Walls v. Astrue*, 282 F.App'x 568, 571-72 (9th Cir. 2008) (concluding that any error in failing to develop record was harmless error); *Hurn v. Saul*, 798 Fed. Appx. 976, 979 (9th Cir. 2019) ("The ALJ did not violate his duty to fully and fairly develop the record because Hurn failed to show that the record was ambiguous or insufficient for the ALJ to make a disability determination."). With no ambiguity, the ALJ proceeded with his disability determination; he had no obligation to further develop the record to rule out the possibility that an updated consultative opinion would result in further reductions in Petitioner's RFC.

Reversal is not warranted on this issue.

## IV.  **CONCLUSION**

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The ALJ has provided reasonable and rational

**MEMORANDUM DECISION AND ORDER - 13**

support for his well-formed conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Petitioner's disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision is affirmed and Petitioner's Petition for Review is denied.

## V. **ORDER**

Based on the foregoing, Petitioner's Petition for Review (Dkt. 1) is DENIED and the decision of the Commissioner is AFFIRMED.

DATED:  September 28, 2022

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge